## ELIZA CALVIT v. ANN CALVIT.

WIDOW: REMEDY FOR YEAR'S ALLOWANCE, ETC.—If the persons appointed to appraise a deceased person's estate, fail to set apart to the widow the property exempt by law from execution, and a year's support out of the effects of the decedent, the Probate Court may, upon her petition, appoint commissioners to make the allotment.

APPEAL from the Probate Court of Franklin county. Hon. J. M. Jones, judge.

*Geo. L. Potter*, for appellant.

*G. H. Sellers*, for appellee.

PER CURIAM.—The appellant filed her petition in the Court of Probates of Franklin county, praying to have set apart to her, as the widow of William Calvit, deceased, such part of his estate as was exempt from execution, and also a year's provision for her support. Commissioners were accordingly appointed, who made their report, assigning to the petitioner certain property exempt from execution, and also the sum of $1,500.

The appellee, as the guardian of the distributees of the decedent's estate, upon the return of the report filed exceptions thereto, for the reasons that the value of the horse assigned to the petitioner was not stated; that the allowance was extravagant and disproportioned, and that the commissioners were not authorized by law to act. On the hearing, the exceptions were sustained, the report set aside, and it was decided that no further commission should issue; whereupon the petitioner appealed.

It appears that the special exceptions were unnoticed by the court; which proceeded on the supposition that the whole proceeding was unauthorized by law.

It appears from the record that the appraisers had failed to make the allotment to the widow pursuant to the Act of 1852, and, therefore, as that act was interpreted by the court, the peti-

tioner was without remedy. We think that the act was misconstrued; it is clearly remedial, and not prohibitory. Its manifest object was to aid the widow, to save her the expense and trouble of a formal application, and the appointment of a separate commission. The Act declares simply, that no petition for the allowance shall be required; but that it shall be the duty of the commissioners to make the allotment. Acts, 1852, p. 345. It was certainly never intended by the legislature, that if the appraisers of an estate should fail or refuse to make the allotment to the widow, that she would be thereby barred of the provision which the law makes for her. And as in this case the appraisers failed to make the allotment, we perceive no objection whatever to the mode of proceeding adopted.

The court below did not pass upon the special exceptions, and as the record does not contain anything by which we can determine as to their validity or invalidity, we intimate no opinion on the subject.

We reverse the decree, and remand the cause to be proceeded in the court below.