## SARAH COWAN *v.* WM. MCCUTCHEN et al.

1. EVIDENCE—CONSTITUTIONAL LAW.—The act "changing the rules of evidence in certain cases," approved February 19th, 1867, is not a law impairing the obligation of contracts, and consequently, in this respect, is not repugnant to the constitution of the United States.

2. EVIDENCE—"CONFEDERATE MONEY."—Under the act "to change the rules of evidence in certain cases," approved February 19th, 1867, all contracts made between May 1st, 1862, and May 1st, 1865, for the payment of money, shall be presumed to have intended "Confederate money," unless the contrary appear on the face of the contract; and it is error to render judgment final by default, without a jury and writ of inquiry, to assess the value of that kind of funds at the time and place of contract.

Error to the circuit court of Warren county. TRIMBLE, J. The plaintiff in error assigns the following errors:

1st. That there was no legal or sufficient service of process upon plaintiff in error.

2d. That judgment by default final was rendered against plaintiff in error, without a writ of inquiry having been first awarded by the court and executed by the jury.

The facts are fully stated in the opinion of the court.

*Cowan & McGarr*, for plaintiff in error,

Contended that there was no sufficient and legal service of the writ in this case. The service appears to have been made by one J. S. Irwin as special deputy of M. H. Dixon, the sheriff. The deputation is signed M. H. Dixon [seal], by J. S. Irwin, S. D. S. It thus appeared when the first copy of the record was certified, 9th of May, 1869, by the then clerk, D. W. Hurst. Another copy was certified on the 18th of October, 1869, by F. Halliday, clerk, who also filed the original writ with his transcript, and from which it appears that Hurst was correct—the writ having on it the deputation as above. It thus appears that the pen marks across Irwin's name must have been made between those dates.

2d. The second cause of error assigned. The court below ought to have taken judicial notice of the gold and silver value of Confederate money at the time this note became due, 2d of July, 1862, and given judgment for that amount and interest, or else should have had a writ of *inquiry* executed by a jury to ascertain the true amount. Either of these modes were open to the defendant in error. The act of the legislature, entitled " an act to change the rules of evidence in certain cases," provides " that in all cases founded on any promissory note, open account, or other contract for the payment of money, executed in this state after the 1st day of May, 1862, and before the 1st day of May, 1865, shall be *prima facie* evidence that the payment was to be made in Confederate treasury notes, unless the contrary appears upon the face of the contract." We insist that the legislature simply intended to make that a *prima*

*facie* presumption of law which was, in reality, already a presumption of fact. It does not, in any way, impair the obligation of contracts, but simply affects the remedy by which those contracts shall be enforced in the courts. "It is within the power of the state legislature to regulate the remedies and modes of proceeding in relation to past as well as future contracts." Briscoe et al. v. Anketell, 28 Miss., 371; Coffman et al. v. Bank of Kentucky, 40 Miss., 35; Osborn v. Stevenson, 41 Miss., 128–9. See also, Sturgis v. Crowninshield, 4 Wheat.; Jackson v. Samphire, 3 Peters, 290; 1 How., 315, Bronson v. Kenzie; 1 How. U. S., 315; 2 How. U. S., 612.

This statute only required the defendant to do that which he or the plaintiff in error could have done before its passage, viz: prove the value of the contract. That he could have done this is fully shown in the case of Thorington v. Smith, 8 Wallace, 12, 13, 14. Here the highest tribunal in the land has said that contracts made in the insurgent states during their occupation by the Confederate authorities for the payment of dollars, means dollars in Confederate treasury notes. See the case of Rucker v. Dearing, decided by the court of appeals of Virginia in May, 1868.

*T. A. Marshall*, for defendants in error,

Insisted that the case of plaintiff in error has no merit in it. She does not deny the justice of the debt, nor pretend that it has been paid, but only attempts, in this court, to take advantage of an inadvertence on the part of the sheriff. The point made by the first assignment of error could have been made in the court below, there being no foundation in truth for it to rest upon. At the time when the judgment by default was taken, the words "By J. L. Erwin," under the signature of the sheriff to the special deputation, had, in fact, been erased, and the appointment of the deputy was regular, and in exact accordance with the statute. The appointment was regular and valid, and could not be impaired by any act of Irwin, or anybody else. But I apprehend this court will

take the writ with all the endorsements upon it as they now appear, and will treat it precisely as though the erased name had never been written upon it.

There is nothing in the second assignment of error. The note is not a part of the record—does not appear in it. This court cannot, therefore, know what it shows on its face; and in the absence of the note, is bound to presume it authorized the judgment rendered by the court below.

TARBELL, J.:

This suit was brought upon a promissory note, of which the following is a copy, to-wit:

($1016 58.) " VICKSBURG, 1st July, 1862.

One day after date, I promise to pay to the order of Wm. McCutchen & Co., one thousand and sixteen dollars and fifty-eight cents for value received, with interest from date at 10 per cent. per annum.

(Signed) SARAH COWAN."

Defendant did not appear, and judgment by default, for the full amount of the note and interest, was taken for plaintiff, June 7, 1868.

Two grounds of error are assigned, viz: First, That there was no legal service of process; Second, That there should have been a writ of inquiry to ascertain the value of Confederate money, or judicial knowledge of the law approved, February 19, 1867.

1. The first assignment of error is not well taken. It is conceded that the signature of M. H. Dixon, sheriff, to the deputation of J. L. Erwin, S. D. S., is in his own proper handwriting. The words underneath the signature of the sheriff, to-wit: "By J. L. Erwin, S. D. S.," across which a pen has been drawn, were palpably written there by Erwin himself, by mistake, and at once erased, probably at the time of making his return of service, adding his name underneath the deputation accidentally, instead of to his return of service. With the proper signature of the sheriff to the deputation, there could have been no motive for the plaintiff to

add those words, and no solution can be devised involving an attempted fraud by him.

2. In discussing the second assignment of error, counsel assail the law referred to on constitutional grounds. We are disposed to consider this question virtually settled by the cases of Thorington v. Smith, 8 Wallace 1; 24 Ark., 212; 28 Miss., 371. Thomas v. Taylor, Opinion Book, per Peyton, J.

1. From motives of public policy, laws passed by the respective, so-called, confederate states, not in aid of the rebellion, are recognized as valid and binding.

2. Contracts between citizens of the insurgent states, not in aid of the rebellion, are enforced by the same rules, and on the same principles as all other contracts.

3. The constitutionality of this law, so far as it is attacked, as impairing the obligation of contracts, is sustained by similar reasoning (and for other reasons), to the case of Briscoe, et al. v. Anketell, 28 Miss., 361; *vide*, also, 1 How. U. S., 315; 2 ib., 612; 4 Wheaton; 3 Peters, 290.

4. Similar laws have been enacted by the legislatures of Virginia, Alabama, and Arkansas, and they have been upheld by the local tribunals of those states of last resort.

There are two significant facts in regard to this law, worthy of note: First, it enacts into a statutory provision only, and precisely, the rules laid down by the supreme court of the U. S., in cases of this character; Second, holding private rights acquired during the rebellion, to depend upon the principles governing all other like cases, this law steps in to give effect to those rights, and contracts according to the intention of the parties at the time.

Sustaining this law, therefore, as constitutional and just, as well upon precedent as upon correct principles, it only remains for us to add, that it appearing by the terms of the contract sued on in this case, that it falls within the provisions of the statute approved February 19, 1867, a writ of inquiry should have been executed to ascertain and assess the damages by proof of the value of Confederate currency at the time and place of this contract. The second assignment

of error is, therefore, well taken.     Judgment reversed and cause remanded.

SIMRALL, J., having been consulted as attorney, in this case, takes no part in this decision.