## Martin Hutto *v.* R. Thornton, et al.

1. Ejectments—Plea of not guilty—Practice.—In an action of ejectment the defendant plead the general issue, and three special pleas setting up—First, That plaintiff's right of action accrued more than ten years before action brought. Second, That said right did not accrue within ten years.    Third, Adverse possession for more than ten years.

These special pleas were nullities, inasmuch as the statute allows only the general issue to be pleaded; it was not error, therefore, to go to trial without disposing of them.    Rev. Code, 386, art. 3.

Limitation in ejectment—Instruction.—To instruct the jury that a "continuous" possession for the time of limitation, will create a bar to a recovery, is error; it should have been "adverse" possession. 39 Miss., 737; 36 Miss., 40; 37 ib., 138; 27 ib., 665.

Error to the circuit court of Leake county.    Henry, J.

The plaintiff in error assigned the following errors :

1st. The court erred in refusing to give the 1st and 2d instructions asked for plaintiff.

2d. The court erred in giving, severally, the 1st, 2d, 3d, 4th, 5th, 6th, and 7th instructions asked for defendant.

3d. The court erred in admitting in evidence the assignment of receiver's certificate, purporting to be made by W. G. and S. V. Malone.

4th. It was error not to enter judgment for plaintiff for the lands as to which defendants disclaimed.

5th. It was error to try the cause as on issues before the jury, where there was no issue joined on the 2d, 3d, and 4th pleas of defendants.

*Geo. L. Potter*, for the plaintiff in error.

The deed under the tax sale is void.    The property was sold as the property of John N. Malone, for the taxes of 1843, for two dollars.    The lands in the deed are south-east quarter of north-west quarter and west half of north-east quarter, section 24.  He never had title to the west half of north-east quar-

ter, which was patented to W. G. Malone; and John N. Malone conveyed the south-east and north-west quarters to W. G. Malone by deed, in December, 1838. So the tax deed was void for two reasons. The land was improperly assessed to John N. Malone, when W. G. Malone was the owner. If it had been properly assessed to him, the sale was void, because other lands, not his, were included in the assessment and sale. Baskins v. Winston, 24 Miss., 431. Moreover, all the patents were issued in 1841, and the lands were not liable to tax in 1843.

As to the question of adverse possession. There is no direct proof of any such possession—possession only is shown, without explanation, and which they attempt to prove continuous, but the proof is vague, uncertain and insufficient. This suit was instituted March 24th, 1858, and the ten years adverse possession, to constitute a bar, must have begun by the 24th of March, 1848.

As to the north-west quarter, section 25, the defendant in error shows no deed until 1856, when M. A. Ferguson, a stranger, conveyed to Dowd. The verdict was clearly wrong as to this tract. So as to south-east quarter, section 24, Steele conveyed to Angus Ferguson in September, 1849, within ten years. So as the north-west quarter, and west half of north-east quarter, section 24, Simmonds conveyed to Ferguson, in March, 1851, within ten years; but Simmonds had conveyed these tracts to Steele, in 1846, and had no title to convey to Ferguson. Steele never had possession, and thus, the continuity of possession under color of title, ceased.

This is sufficient to show the gross error in the verdict, caused undoubtedly by the erroneous instructions given by the court for the defendant below. And this being so, the verdict must be set aside, although there was no motion for a new trial. The plaintiff claimed under a deed from Wm. G. Malone, made in 1858, and the first charge for the defendant was that this deed was void, if any of the defendants, or those claiming under them, or those from whom they claim, were in adverse possession of the lands at that time.

This charge is erroneous. The mere fact of adverse possession would not avoid the deed in such a case. A deed is not champertous if the vendor was ignorant of the adverse possession. Alexander v. Polk, 39 Miss., 737; Sessions v. Reynolds, 7 S. & M., 161.

The third instruction is delusive and full of error. It speaks only of continuous possession, and not of continuous adverse possession, and declares a mere possession of ten years to be a defense under the statute of limitations. Then it proceeds to direct the jury to find a general verdict for the defendants, "if the possession of Ferguson and his tenants or vendees together, amounted to a period of ten years, connectedly," since 1844, and before it. That the possession must be adverse, see Magee v. Magee, 37 Misss., 138; Tegarden v. Carpenter, 36 Miss., 40. No length of possession bars, if not adverse. Adams v. Guice, 30 Miss., 397; McClanahan v. Barrow, 27 Miss., 665.

*J. A. P. Campbell*, for the defendants in error.

The plaintiff was entitled to judgment for the land not contended for, but his failure to take the judgment to which he was entitled, is no ground for reversal. Strictly speaking, it was a technical discontinuance. But he may take the judgment here, to which he may be entitled. The failure of the plaintiff to reply to the special pleas is no ground of reversal. The doctrine laid down by the high court of errors and appeals, in the case of Fuller & Roby v. Brett [not reported] is not sustained by the English decisions, and I respectfully ask a reconsideration of that decision. 1 Chit. Pl. (13 Am. ed.), 600; 5 Taunton, 164; 3 Dowl., 698; also, Laber v. Cooper, 7 Wallace U. S. Rep., 565, and authorities cited; Pettibone v. Gettings [not reported]; Hewett v. Cobb & Co., 40 Miss., 61.

The instructions given for the defendants, considered with reference to the evidence, were correct. The instruction, as to the invalidity of plaintiff's deed as against defendants, who were in the open and notorious occupation and user,

under color and claim of right, of the *locus in quo* at the time of plaintiff's purchase, was correct, even according to Alexander v. Polk, 39 Miss., 737.

The instruction, as to the defense of the statute of limitations, announced the law correctly, as applicable to the facts in evidence. The evidence shows that the possession of the defendants was open, notorious, exclusive, hostile under claim of right, and under color of title, continuous and uninterrupted, for the time necessary to complete the bar of the statute. Color of title is not necessary to the running of the statute. Claim of right is sufficient. But a tax deed is sufficient color of title, from its execution, being an inchoate title.

TARBELL, J.:

This is an action of ejectment instituted in 1858. The defendants disclaimed as to a portion of the lands, and, as to the balance, pleaded the general issue, and three special pleas to which there was no replication.

Those pleas are as follows:

1. That the right of action accrued more than ten years before suit.

2. That the right of action did not accrue within ten years.

3. Peaceable adverse possession for more than ten years.

The cause was tried at the Leake county circuit court, August term, 1860, and resulted in a verdict for defendants, whereupon the plaintiff in the action prosecuted this writ of error.

Of the several alleged causes of error, we do not deem it necessary to discuss, other than the neglect to dispose of the special pleas, and two points presented by the instructions for the defendant.

As to the special pleas, the statute only allows the plea of not guilty, under which all matters of defense may be proved.

These special pleas are, therefore, nullities. Art. 3, ch. LV., 336, Rev. Code.

In the first instruction for the defendant the court holds the deed from Malone to plaintiff to be void if the jury be-

lieve the defendants to have been in the adverse possession of the lands sued for, at the time of its execution and delivery, ignoring knowledge of such adversing holding on the part of plaintiff. In this, the instruction is erroneous. 39 Miss., 737.

The theory of the defense is an adverse holding; but the instructions proceed upon a continuous possession, in bar of a recovery under the statute, pretermitting an adverse possession, which is erroneous. 36 Miss., 40; 30 ib., 397; 37 ib., 138; 27 ib., 665.

There are several records in this case, and it is somewhat uncertain whether the cause was fully presented upon the trial.

Being of the opinion that the foregoing are substantial errors, the cause must be sent back for a new trial. Upon another hearing the parties can make a more complete presentation of the case, and should it come again to this court, it is hoped the merits will be clearly developed in a professionally arranged record.

The judgment is reversed and the cause remanded.