F. S. BELCHER v. J. J. MHOON.

1. CONSTITUTIONAL LAW.—The act of the legislature, entitled "An act to provide for the better security of titles to lands held and claimed under tax sale and tax titles," approved February 10, 1860, is a legitimate exercise of legislative power and discretion.

2. CHANCERY—JURISDICTION.—The proceeding, under that act, by bill in chancery, to perfect a tax title, might well be classified under that head of equity jurisprudence called "*quia timet,*" extended by the statute much further, however, but resting on that principle.

3. SAME—PLEADING.—The allegation in such bill, of a purchase and acceptance of a deed at a sale of lands for levee taxes, under the 6th section of an act entitled "An act to aid in repairing and perfecting the levee of the Mississippi river in the counties of De Soto, Tunica, Coahoma, Bolivar, Washington and Issaquena," approved December 2, 1858, does *prima facie* in substance aver a vestiture of the title of the owner and all others interested, in the purchaser, and dispenses with the averment that the several prerequisites to authorize a sale have been conformed to.

4. STATUTES—CONSTRUCTION.—The act of 1860, to provide for the better security of titles to lands held or claimed under tax sale and tax titles, applies to lands claimed under a sale for levee taxes, or under levee tax titles, or any other tax sale or title not embraced in the specific enumeration.

5. SAME.—The levee law of 1858 does not relieve the assessor and sheriff from the duty of following the law, but places the deed of the sheriff, conveying lands sold for levee taxes, upon the same footing as his deed when he sells land under judgment or decree of a court.

6. SAME.—The levee law of 1858 authorizes the commissioner to sell lands held by him before the period of redemption has passed, and convey such title as he has by virtue of the sale to him.

7. CONSTITUTIONAL LAW.—It is competent for the legislature to enact laws in respect to testimony, and to shift the burden of proof by pronouncing that, if certain facts exist, the presumption shall be that certain other things connected with them were done.

APPEAL from the chancery court of Coahoma county. STAFFORD, Chancellor.

The bill in this case was filed in the chancery court of Tunica county, to confirm a tax title, and recites

that on the 17th day of May, 1869, sec. 41, town. 4, range 12 west, was struck off to and purchased by W. H. Vasser, levee commissioner, to liquidate outsanding liabilities incurred for levee purposes prior to the 1st day of January, 1862. That on the 10th day of November, 1871, after the time for redemption had expired, said Vasser, commissioner, etc., sold and conveyed said land to complainant for the consideration of $315.98, which was then and there paid by him, and made and executed a deed to complainant in due form. That the time for redemption had expired, and complainant filed his bill to have his title confirmed and quieted, etc. Mhoon appeared and demurred to the bill, assigning in substance that:

1st. There is no allegation in said bill that the land was subject to levee tax, and said tax is not a general tax but a special tax on lands of a particular locality

2d. The act of 1860, and the revised code of 1871, authorizing a bill to be filed in chancery of this nature, does not apply to levee tax, but applies to the general tax of the state. The levee tax is a special tax of a particular locality.

3d. It does not appear that only so much of said land was sold for taxes as was necessary, but, on the contrary, it appears that this land cost Mhoon $16,000, and and the whole of it was sold for $300, for taxes due.

The demurrer was sustained, and the case brought here by appeal.

Sections one and two of the act of February 10, 1860, entitled "an act to provide for the better security of titles to lands held and claimed under tax sale and tax titles" (Sess. Acts, 213), under which the bill in this case was filed, is as follows:

1. "That any person claiming to hold lands under and by virtue of any tax deed or certificate of sale for taxes, either for state, county, district or other purposes, heretofore made, or hereafter to be made, after

the period limited by law for the redemption thereof, and where the land remains unredeemed, may proceed according to the provisions of this act, to have said titles perfect and valid, against all parties claiming or having any interest in such lands, which existed at the time the same were sold for taxes.

2. " That any person desirous of perfecting such tax bills, after having filed his bill in the chancery court as hereinafter provided, shall give thirty days' notice, posted at the court-house door of the county in which the lands lie, and in a newspaper printed and published in said county, and if there be no such newspaper printed and published in said county, then in the newspaper published in this state by the state printer, to all persons claiming or having an interest, either legal or equitable, in said lands, at the time the same were sold for taxes, to be and appear at the term of the chancery court of the county in which such lands lie, and show cause against said tax title, and why the claimant's title should not be confirmed; and said notice shall only be required to be addressed " to all persons claiming or having an interest, either legal or equitable, in the lands hereinafter described, at the time the same were sold for taxes, and all such other persons as may be interested therein," without designating the parties by name; and shall be as valid for all purposes, to bind such parties, as if directed to them by their names. Provided, that persons interested in such lands, residing in this state, shall be made parties by name and served with process, unless the complainant or complainants shall make affidavit that their names are unknown. And non-residents having claims to the lands shall also be made parties by name, and publication be made for them as in other cases in chancery; unless a like affidavit be made by complainant or complainants, that their names are unknown."

The other portions of the act simply regulate the

practice and proceedings in the chancery court after the bill is filed. Section 6, and so much of section 7 as is applicable, of the act of December 2, 1858, entitled " An act to aid in repairing and perfecting the levee of the Mississippi river " in certain counties (Pamph. Acts, 33), are as follows :

" 6. \* \* \* That the tax hereinbefore levied or assessed* shall be lien on the lands in said district, and should any owner or owners of said lands, or any persons interested in the same, fail to pay the taxes hereinbefore levied and assessed, at or before the time when the same may become due, it shall be the duty of the sheriff of the county in which said delinquent land may be situated, without further notice, on the second Monday of April in each and every year after the said tax may become due, to sell at the court-house door of his proper county, the land in default, or so much thereof as may be sufficient to pay the tax required and all costs of conveyance to the purchaser, to the highest bidder, for cash, and when sold, to execute a deed therefor to the purchaser, which deed shall vest in said purchaser a full and complete title in fee simple to the land so sold, and said deed shall be taken and received in any court of justice, as vesting a perfect title in the purchaser, and shall be evidence that the title of the owner or owners, as well as the claims of all persons interested therein, is thenceforward vested in the purchaser, and shall be *prima facie* evidence that the land was subject to the tax, for the non-payment of which the same was sold, and that all the pre-requisites of said sale had been complied with. The said sheriff may continue said sale from day to day, until the whole of said land liable to sale shall be disposed of, and if no person or persons shall bid the amount of tax due on any tract of land when offered

---

*An uniform tax of ten cents an acre per annum, on each and every acre of land in the state lying east of the Mississippi river and north of the southern boundary of Issaquena county, west of the Yazoo and Tallahatchie rivers, etc. Sec. 1.

for sale as aforesaid, such tract of land shall be struck off to the levee treasurer of the general board of commissioners, who shall be entitled to receive a deed therefor, executed to himself and his successors in office, which deed shall remain on file with the probate clerk of the county in which the land lies, for the period of two years from the day of sale, unless the same shall be redeemed as is hereafter provided, saving the rights of all minors and persons *non compos mentis,* who shall have three years to redeem after they become of age, or become of sane mind, under the provisions of this act.

7. * * *  " That the levee treasurer of the general board of commissioners shall have power to sell any lands struck off to him at private sale," etc.

*Nugent & Yerger,* for appellant.

1. It is urged that the acts of the legislatures of 1858 and 1867, in reference to levees and the liquidating of the levee debts, are unconstitutional, because said acts clothe the sheriff with judicial power; because they provide for no notice to the citizen, and because they make the deed of the sheriff *prima facie* evidence, etc. This position is untenable. See Alcorn v. Hamer, 38 Miss. 652; Smith v. Aberdeen, 25 ib. 458; Williams v. Cammack, 27 ib. 209; Com'l Bank Rodney v. State, 4 S. & M. 439; Van Buren's Case, 26 Miss. 512; Lampley v. Scott, 24 ib. 528; Mayes v. Herndon, 30 ib. 110; Cooley on Const. Lim. 288, 367, 368, 369, and cases cited.

2. The law itself expressly authorizes the commissioner to sell all lands held by him, whether his title be inchoate or otherwise. And without this, the Code itself destroys the objection. Cassidy et al. v. Jackson, 45 Miss. 597; Rev. Code of 1871, § 2284; Acts 1858, p. 37 § 7; Acts 1867, p. 246, § 13.

3. Has the complainant a clear and unincumbered remedy by ejectment? and if so, is that a reason why

this bill should be dismissed ? It by no means follows that because the complainant has a tax title, that his remedy is clear and unincumbered, for, notwithstanding the fact that the legislature has changed the rule of evidence in such cases, and made that *prima facie* evidence of title, which, before the act in that behalf, was no evidence of title at all in itself, the law generally fails to support or sustain tax titles on the trial of an action of ejectment. The act of 1860 was passed to subserve a great public purpose : to better secure titles to lands held and claimed under tax sales and tax titles. It provides a mode in which all parties interested may be affected with notice, and the conflicting titles to lands settled and quieted. It includes all tax titles, whether state, county, district, or other titles. Act 1860, p. 213, § 1. The remedy is more full and complete in equity than at law. But aside from all other reasons, the proceeding is one to quiet and confirm tax titles ; to settle and determine all controversies as to the title, thereby preventing a multiplicity of suits ; to adjust accounts of taxes paid, in case the parties claiming the lands are under any of the exceptional disabilities designated in the law, and to do full and complete justice in the cause. It is a proceeding which falls within the jurisdiction of a court of chancery peculiarly. Barnes v. Lloyd, 1 How. (Miss.) 584 ; Freeman v. Guion, 11 S: & M. 58 ; Freeman v. Malcolm, ib. 53 ; 1 Story Eq. Jur., §§ 705, 705 *a ;* 2 ib. ch. xxii.

*G. F. F. Thompson,* for appellee.

The act under which the land was sold provides that only so much of delinquent lands shall be sold as is necessary to pay the taxes on the whole. For the reason that the entire tract was sold when only a small portion would have been sufficient, the sale is void. 4 Cranch, 403 ; 1 Nay. 59 ; 18 Johns. 362 ; 1 Johns. Ch. 502 ; 2 Blackf. 421 ; 8 Johns 333 ; 12 B. Mon. 231 ;

2 Hawkes, 17; 6 Johns. Ch. 411; 24 Miss. 431; 1
Tyler, 191; 9 How. (U. S.) 258; 1 Foster (N. H.), 400.

The attempt by the legislature to shift the burden of
proof so as to relieve the state from proving anything,
is clearly unconstitutional. Citing on illustration 1
Scam. 335; 1 Doug. (Mich.) 121; 1 Doug. (Eng.) 234;
1 Harring. Ch. 3; 3 Denio, 595; 2 Comst. 69; 2 Denio,
329; 1 Seld. 366; 4 Blackf. 70, 494; 1 Gilm. 131; 13
N. Y. 386, 387.

SIMRALL, J.:

This case contains some exceptional features to the
case of Griffin v. Dogan et al. These alone, we propose
to consider. The sale was made for non-payment of
levee taxes. It is said, first, that the act of 1860 does
not apply to a title thus acquired. The first section is,
" that any person claiming to hold, under and by virtue
of a tax deed or certificate * * * of sale for taxes,
either for state, county, district, or other purpose, may
have the remedy." The levee taxes are embraced
under the term " District." The succeeding phrase,
" or other purposes," is broad enough, and was clearly
used to cover all other tax sales not embraced in the
specific enumeration. It is further objected, that the
complainant has an adequate remedy at law by eject-
ment. The bill might well be classified under that
head of equity jurisprudence called *"quia timet,"* ex-
tended by the statute much further, however, but rest-
ing on that principle. The policy of the statute is to
adjudicate upon the validity of the title, not to disturb
possession. We think that it is a legitimate exercise
of legislative power and discretion.

3. It is objected that the bill does not disclose a com-
pliance on the part of the officers assessing and selling
the land with the requirements of the law. The sixth
section of the act of 1858, page 36, pamphlet, enacts
that the deed shall vest in the purchaser a complete fee

simple title, and shall be evidence that the title of the owner or owners, as well as of all persons interested therein, is henceforth vested in the purchaser, "shall be *prima facie* evidence that the land was subject to the tax, and that all pre-requisites have been complied with." * *

The allegation of a purchase and acceptance of a deed, under this law, does *prima facie* in substance aver a vestiture of the title of the owner, and all others interested in the purchaser, and dispenses with the averment that the several pre-requisites, to authorize a sale, have been conformed to.

The statute says that the sale and deed shall have that effect. The plaintiff, then, when he states a sale, and the execution of a deed to the purchaser, makes the averment equivalent to a detailed narrative of a compliance with each special pre-requisite. The statute does not relieve the assessor and sheriff from the duty of following the law; but places the deed of the sheriff upon the same footing as his deed when he sells land under judgment or decree of a court.

It is competent to legislate as respects testimony, and to pass laws shifting the burden of proof; that is, to pronounce, that if certain facts exist, the presumption shall be that certain other things connected with them were done. As in this case, that the deed shall be *prima facie* evidence that the steps necessary and intendent to the sale have been taken. The principle in the abstract is affirmed in Cowan v. McCutchen, 43 Miss. 207. Under a statute analagous to this, declaring in effect that the tax collector's deed shall be *prima facie* vidence that all things had been done authorizing a sale, it was held that the legislature merely shifted the burden of proof, which it was competent to do, or declared what should be effect of evidence. Therefore, he who impeached the title for failure to comply with the pre-requisites of law, must adduce the evidence and make the proof. Ray v. Murdock, 36 Miss. 696.

Another objection is, that the land was sold by the commissioner before the title was complete in him, and is therefore champertous. A sufficient answer to this is, that the law authorizes and directs him to sell before time for redemption has passed, and convey such title as he has by virtue of the tax deed. But aside from that, the contrary doctrine, under our statutes, was laid down in Cassidy et al. v. Jackson, 45 Miss. 397.

The defendant must, by answer, impeach the tax title, for upon him rests the affirmative to overcome and defeat the *prima facie* case arising from the sale and sheriff's deed.

The decree is reversed, the demurrer overruled and cause remanded. Forty days allowed defendants to answer.