## ROBERT WILSON VS. ISAAC WILLIAMS' HEIRS.

1. EJECTMENT: *Adverse possession. Statute of limitations. Pleadings.*
   In an action of ejectment it is not error to strike out special pleas of the statute of limitations. They are nullities. That defense is available under the plea of not guilty.

2. SAME: *Limitation act of 1854. Case in judgment.*
   Where a party had not been in possession of lands seven years at the date of the passage of the act of 1854, his right of prescription had not become complete, and it was competent for the legislature to extend the time within which the true owner might sue.

3. SAME: *Tax deed. Excluded.*
   Where a party in ejectment is in possession of the land under color of title by two deeds, one of which is a void tax deed, it is not error to exclude the tax deed. The deed from another party, under which he took possession, constituted color of title, and that is all that could have been accomplished by the tax deed.

4. SAME: *Possession. Deed of conveyance. Boundaries.*
   Where a person buys land and takes a deed of conveyance his possession of it, when he takes possession, is co-extensive with the boundaries defined in the deed.

---

Statement of the case.

---

5. SAME: *Adverse posesssion. Notice. Actual or constructive.*

In ejectment, to bind the plaintiff by an adverse possession, it is not necessary that he should have actual notice, and it is error to instruct the jury that there must be presumptive notice, without instructing them as to what constitutes such notice. Presumptive notice is an inference of law arising from certain facts; these facts should be stated hypothetically, and the jury instructed that if they exist plaintiff had notice in law, and if not that he did not have it.

6. SAME: SAME: *Case in judgment.*

The heirs of H., to whom the land descended, made a parol partition among themselves. There were three daughters; one of the daughters sold out to another, who has been in possession ever since of two-thirds of the land, and the other third had been in the possession of the other daughter. *Held,* that these two heirs can rely upon the adverse possession of themselves and father as to the parts held by them respectively, or if one held for all, then all could defend for the entire tract; and it is error to instruct the jury that if they made a parol partition among themselves, then, before any one of them could defend under a claim of adverse possession, he or she must show an actual taking possession of their respective portions under said partition.

7. SAME: *Valuable improvements. Pay for. Acts of 1872, p. 25.*

In ejectment the defendant is entitled to pay for all valuable improvements, not ornamental in their character, by the provisions of the act of 1872. The notice with the plea, stating the nature and value of the improvements, was sufficiently definite in stating the nature and value of the improvements.

ERROR to the Circuit Court of *Yazoo* County.

Hon. W. B. CUNNINGHAM, Judge.

The facts of the case are sufficiently stated in the opinion of the court.

Errors are assigned as follows:

1. The court below erred in striking from the file the 2d and 3d pleas of defendant.

2. The court below erred in excluding from the jury the deed of I. W. Frequa, tax collector, to R. S. Holt, and the deed of R. S. Holt to I. I. Michie, of the lands in controversy.

3. The court erred in excluding from the jury the original entry of the lands in controversy by James McLaren.

4. The court erred in sustaining the objection of plaintiffs to 4th, 8th, and 9th interrogatories in chief to Renaldo D. Marble, or parts thereof, and the answers thereto.

5. The court erred in striking out from the 6th instruction of

·defendant " seven years," and inserting in lieu thereof "ten years."

6. The court erred in refusing the 5th instruction of defendant.

7. The court erred in overruling the motion for a new trial.

8. The court erred in granting each and all of the instructions asked by the plaintiffs on the trial.

*A. H. Handy*, for plaintiff in error :

1. It was error to strike out the pleas numbered 2 and 3 of the statute of limitations. Teagarden *v.* Carpenter, 36 Miss., 404–410.

2. The court, in giving instructions, erred in leaving to the jury to determine what was "*presumptive knowledge or notice*" on the part of the plaintiffs of the adverse possession of the ·defendant. The purport of the instructions is that the plaintiffs must have had "actual or presumptive" notice of the adverse ·claim, in order to bar the plaintiffs' action by the statute of limitations. Actual notice is not necessary, and as to pre-;sumptive notice there was nothing in the instructions to guide the jury. See Young *v.* Power, 41 Miss., 209 ; Garrett *v.* Kirkman, 33 ib., 389 ; 31 ib., 464 ; 38 Miss., 280 ; 41 ib., .358–366.

It was error to instruct the jury that the possession of ·defendant was insufficient to lay the foundation of an adverse ·claim, if the occupancy was *near the boundary line of the land*, .and was but *of a small quantity or narrow strip near the boundary line*, open and notorious, as the testimony showed it was. It was error to instruct the jury that, to bar the plaintiffs' recovery, there must have been an adverse possession for ten 'years before the suit was instituted. The limitation of seven years was a bar to the action.

The right of the defendant was governed by the act of 1844, prescribing seven years as the limitation, and that period was completed before the action was brought, as above shown. The claim and possession of Howard commenced in 1874, under ·color of a regular deed to him of that date, and it continued

from that date in him and those claiming under him until the suit was brought. See Code, 1857; Davis *v.* Minor, 1 How., 183; Cooley on Const. Lim. (3d ed.), 364; 2 Black (U. S.), 599–605; See Act 1844, and Hutch. Code, 829.

3. The instructions were erroneous in telling the jury that if Howard left three heirs and they made a parol partition of the land, and only one took possession of the part allotted to her, then the other heirs cannot set up the bar of the statute of limitations to the portion claimed by them, unless they prove an actual adverse possession. There was no evidence upon which to found such an instruction.

4. The verdict was against the law and evidence, and the court erred in refusing a new trial. Howard was in possession of the land, claiming under deed from Michie, in April, 1874; that his possession was open, exclusive, and well known; his deed was proper and regular. This possession, being under color of title, is co-extensive with the premises described in the deeds under which it was claimed. Angell on Lim., § 400; 32 Miss., 125. And the deeds, though defective to show a perfect title, constituted color of title. Angell on Lim., § 404; 32 Miss., 126; 44 ib., 609. And had that effect even if void. 37 Miss., 155; 2 Black (U. S.), 605. See, also, Angell on Lim., § 392–398; 11 Pet., 53; 10 ib., 412, 442; 35 Miss., 504; 37 ib., 138.

*R. Bowman,* on the same side:

*J. A. P. Campbell,* for defendants in error:

The twenty-one instructions for plaintiffs below are so qualified by the eleven for defendant as to cure any possible error, and give defendant the full benefit of the statute of limitations, which was the only defense on which he could rely. The principle pervading the instructions for plaintiffs is that plaintiffs, or those under whom they claim title, must have had notice of the adverse possession, or that it must have been an occupancy so open, visible, and notorious as to affect the holder of the title with notice of the adverse claim.

This principle is sustained by authority.   Angell on Lim.,. §§ 390–398 ; Dixon v. Cook, 47 Miss., 220 ; Alexander v. Polk,. 39 ib., 737.

The instructions for defendant gave him the benefit of the most enlarged doctrine as to adverse possession, and the protection of the statute of limitations, and, viewing all the instructions together, plaintiff in error has no right to complain that he did not have his defense fairly submitted to the jury on the facts.

The occupancy of him, under whom defendant claimed commenced in 1847 or 1848, and the seven years bar of the act of 1844, repealed in 1854, could not apply, and the court did right to strike " seven " out of defendant's instruction and. insert " ten " in its place.

The evidence of improvements was properly excluded for want of the notice required of what was demanded.

The special pleas were properly stricken out.   Hutto v. Thornton et al., 44 Miss., 166.

The defendant got the full benefit of color of title by the admission, without objection, of the deed under which he claimed.   The other deeds were properly excluded as muniments of title, because, the land having been sold for taxes upon an assessment not in the name of the true owner, the sale was void, and the deed conveyed no title, as the law then was.

But though the deeds were excluded it will be seen that defendant got the full benefit of them as color of title by the instructions to the jury granted at the instance of defendant.

The copy of the book of entries of land was properly excluded, because the patent was conclusive evidence of title in the patentee, who was ancestor of plaintiffs.   Its recital shows the entry by McLauren, and assignment of certificate of entry and issuance of patent thereon, and as an assignment of a certificate of entry is not within our registry law, Martin v. Nash, 31 Miss., 324 ; 44 ib., 665, and as the issuance of a patent is a public act of government, and notice to all,. it is clear that the assessment of the land to the person who

entered it, after he had assigned and his assignee had obtained a patent, was void, and the sale under that assessment conferred no title. Dunn v. Winston, 31 Miss., 135.

The instructions as a whole (thirty-two in number) left the question of adverse possession and the bar of the statute of limitations fairly to the jury, and its verdict cannot be said to be manifestly wrong, or to have been obtained by misdirection of the court as to the law, and according to settled doctrine the judgment should be affirmed.

*R. S. Hudson*, on the same side.

CHALMERS, J., delivered the opinion of the court.

This was an action of ejectment in circuit court of Yazoo county. Plaintiffs below (defendants in error) claimed under a patent from the United States government to their father, issued in 1840. Defendant below claimed under successive conveyances from R. S. Holt, who had tax title.

Holt's tax title was void, but it afforded color of title to his sub-vendee, Howard, who went into actual possession under a deed from Holt's vendee, Michie. The claim of defendants below was, therefore, that of an adverse possession under color of title, claimed to be rendered perfect by the statute of limitations.

There was verdict and judgment for plaintiffs below, from which defendant appealed, and assign various errors :

1. There was no error in striking out the special pleas of the statute of limitations. They were nullities. The defense was available under plea of not guilty. Hutto v. Thornton, 44 Miss., 166. The case of Teagarden v. Carpenter, 36 ; ib., 404 was decided under the no-pleading act of 1850.

2. There was no error in holding that the case was governed by the ten years statute of limitations of 1854, instead of by the seven years statute of 1844. Howard, through whom defendants claimed, had not been in possession for seven years at the date of the passage of the act of 1854, hence his right by prescription had not become complete, and it was

competent for the legislature to extend the time within which the true owner might sue.   Hooper *v.* Tapley, 35 Miss., 506.

3. There was no error in excluding the tax deed to Holt, nor the deed of Holt to Michie.   The tax sale was invalid and the deed void.   The deed from Michie to Howard, under which the latter took possession, was admitted, and this constitutes color of title, which is all that could have been accomplished by the other deeds.

4. There was error in several instructions given for plaintiffs, in which the jury were instructed, in substance, that Howard's possession was insufficient to lay the foundation for a claim to the whole premises, if they believed that it was confined to a narrow strip near the boundary.   These instructions were erroneous both as to the facts and the law of the case.   The facts proved show acts of ownership, by the cutting of wood and establishment of a wood-yard, as to much more than a narrow strip near the boundaries.   Howard went into possession under a deed duly recorded, and his possession was therefore co-extensive with the boundaries defined thereby.   Angell on Lim., § 400; 32 Miss., 124.

5. Several of the instructions granted to plaintiffs were erroneous in stating to the jury that plaintiffs were not bound by the adverse possession of defendant unless they had actual or presumptive notice thereof.   Actual notice was not necessary. It was erroneous to tell the jury that there must be presumptive notice, without instructing them as to what constituted such notice.   Presumptive notice is an inference of law arising from certain facts.   These facts should have been stated hypothetically, and the jury instructed that if they existed plaintiff had notice in law, and if not that he did not have it.   Young *v.* Power, 41 Miss., 209; ib., 358; Greenwade *v.* Mills, 31 ib., 464.

6. The 13th and 14th instructions granted plaintiffs informed the jury that if the defendants, who were children of Howard, made a parol partition of the land among themselves, that then, before any one of them could defend under a claim of

adverse possession, he or she must show an actual taking possession of their respective portions under said partition. This was erroneous under the proof. The testimony showed that the land descended from Howard, except that portion sold by Howard to Stampley to his three daughters; that one of the daughters sold out to another; that this one has ever since been in possession of two-thirds of the land, and that the other third of it has been in possession of the third daughter. These two heirs, then, can rely upon the adverse possession of themselves and father as to the parts held by them respectively, or if one held for all, then all could defend for the entire tract.

The court erred in refusing to charge the jury that defendant was entitled to the value of all improvements, valuable and not ornamental in their character. This is guaranteed in all cases by act of 1872, p. 25. The notice given of the claim with the plea was, we think, sufficiently definite. It stated the nature and value of the improvements.

As the case must undergo a new trial we forbear to comment on the evidence, under the assignment of error that the verdict was contrary to the evidence, which was also embraced in the motion for a new trial in the court below.

For the errors indicated above the judgment is reversed, the cause remanded, and new trial awarded.

CAMPBELL, J., having been of counsel, takes no part.