## GEORGE P. BEIRNE VS. RICHARD BURDETT.

1. TAX TITLE: *Confirmation of same. Section 1753. Levee taxes.*
Section 1753 of the Code of 1871 was designed to regulate the practice in suits in equity for the confirmation of tax titles in all cases, however obtained, whether of sale for state, county, city, or levee taxes. Levee tax titles, whether acquired by purchase at public sale by the tax collector or from the levee treasurer after the lands are "struck off" to him, are placed upon the same footing of *prima facie* validity, which is to be determined by the proceeding for confirmation, wherein all persons in interest may be heard. Such a proceeding is to adjudicate upon the validity of the title, not to disturb possession.

APPEAL from the Chancery Court of *Washington* County.
Hon. E. STAFFORD, Chancellor.

The complainant alleged that he was the owner of the lands
for which he prayed a confirmation of title ; that he derived
title as follows :   That the same was sold for levee taxes, and
struck off to the levee treasurer, April 12, 1870, and that com-
plainant purchased from the said levee treasurer March 25,
1872.   That the time for redemption has expired, etc.

To this bill defendant filed a demurrer, setting up the fol-
lowing :

1. The court has no jurisdiction.

2. The bill shows no title in complainant and no right to
the decree sought.

3. The complainant has a plain, adequate, and complete
remedy at law.

4. And for other causes to be assigned at the hearing.

The demurrer was overruled, and the case comes to this
court on appeal.

The following error is assigned :

" The court erred in overruling the demurrer to the com-
plainant's bill.   The demurrer should have been sustained
and the bill dismissed."

*Nugent & Yerger*, for appellant.

*Persey & Yerger*, for appellee.


TARBELL, J., delivered the opinion of the Court.

Bill to confirm levee tax title.   The land described was
" struck off " to the treasurer of the levee board April 12th,
1870, and on 25th of March, 1872, the complainant purchased
said land of the levee treasurer.   It is averred that the period
limited by law for the redemption of said land had expired
before the filing of the bill.   The complainant, therefore,
claims to be the owner of said land, and prays to have his
title to the same confirmed.   There was a demurrer to the bill,
stating for cause, 1st, want of jurisdiction ; 2d, an adequate
remedy at law ; 3d, no title in complainant.   The demurrer

was overruled, and hence an appeal. Upon the face of the
bill there is a literal compliance with § 1753 of the Code,
regulating the practice in such cases.

Several questions discussed by counsel are, as the case is at
present presented, disposed of by recent adjudications of this
court. Belcher *v.* Mhoon, 47 Miss., 613; Griffin *v.* Dogan &
Martin, 48 ib., 11.

In the present attitude of the case the only material ques-
tion to be determined is whether § 1753 of the Code embraces
levee tax titles. This section enacts that " any person hold-
ing or claiming, under a tax title, lands heretofore or hereafter
sold for taxes when the period for redemption has expired,
without redemption of the same, may proceed by bill, in the
chancery court of the county in which the land lies, to have
such title confirmed and quieted, and shall set forth in his bill
his claim under such tax sale, and the names and places of
residence of all persons interested in the land," etc. The
language of the act of 1858 was as follows, viz.: " That any
person claiming to hold lands under and by virtue of any tax
deed, or certificate of sale for taxes, either for state, county,
district, or other purposes heretofore or hereafter to be made,"
etc. Of the scope of the latter statute there can be no ques-
tion; nor is the Code less broad and comprehensive. The
argument is that the latter applies only to titles acquired
under the sales for state taxes. This would exclude city and
county, as well as levee districts, and is clearly untenable.
The language of the Code is without limitation or qualification.
" A tax title" is such, whether the same is acquired on sale
for taxes of state, county, district, or other purposes, " and
lands" are " sold for taxes" in each of these subdivisions of
the state. Without the tautology of the act of 1858, the
Code is no less extensive in its terms, and, besides, the latter
is remedial in its character, and to be liberally construed. It
affects the remedy and not the rights of litigants. But, by
section 6 of the act of 1858, deeds on sales for levee taxes are
only *prima facie* evidence " that the land was subject to the

tax for the non-payment of which the same was sold, and that all the prerequisites of said sale had been complied with." And by section 7 the levee treasurer is authorized to sell lands "struck off" to him at any time within the time allowed for redemption, reserving to the original owners, however, the right to redeem from such purchaser at any time prior to the expiration of the period allowed for that purpose. By the act approved February 10, 1860, provision was made for the confirmation of tax titles by proceedings in chancery, substantially like the practice prescribed in the Code.

As to the law of 1860, *vide* Belcher *v.* Mhoon, *supra*. Provisions as to sale and redemption, similar to those in the law of 1858, are contained in the act approved November 27, 1865, and by the latter, also, deeds of conveyance upon sales for taxes are only *prima facie* evidence of title. See, also, Laws of 1867 ; Code, art. 9, ch. 22, p. 354, § 1700.

In view of the several enactments upon the matters under consideration, the precise terms of which it is not deemed necessary to discuss or compare, it is conceived that the Code, § 1753, was designed to regulate the practice in suits in chancery for the confirmation of tax titles in all cases, however obtained, whether of sale for state, city, county, district or other purpose, as expressed in the act of 1858. If correct in the general views herein expressed, it follows that the demurrer was properly overruled, and that whatever defense there may be to this proceeding should be interposed by answer.

To hold, as contended by counsel, that in a class of these cases the title in the purchaser becomes perfect, complete, and absolute, without the aid of chancery, where the rights of all parties may be heard and protected, would operate harshly and unjustly, besides giving rise to grave constitutional questions, involving the power of the legislature over titles to real estate, independent of judicial action.

It is believed to be more in consonance with the rights of parties, with the letter and spirit of the several statutes referred to, and with justice, to construe these statutes as placing

tax titles, whether acquired by purchase at the public sale by the tax collector, or from the levee treasurer after the lands are "struck off" to him, upon the same footing of *prima facie* "validity," which is to be determined by the proceeding for confirmation, wherein all parties in interest may be heard. And here a remark in Belcher *v.* Mhoon, as to the policy of the statute of 1860, may be repeated as to all these enactments, including that of 1871, viz.: It is to adjudicate upon the validity of the title, not to disturb possession.

These several statutes might be more fully reviewed and explained, but sufficient has been said to present them in their more equitable light and intent.

Decree affirmed, and cause remanded with leave to answer in forty days from this date.