### E. C. BELL *v.* A. A. COATS.

1. TAX TITLE. *Bill to confirm. Defences under Act* 1860. *Failure of sheriff to ·demand taxes.*
   Under § 7 Act Feb. 10, 1860 (Acts 1859–60, p. 216), which provides that no tax sale of lands thereafter made shall be impeached or questioned in any manner or for any cause, saving fraud or mistake in the assessment or sale of the lands, or upon proof that the tax for which the same were sold had been paid prior to such sale, it cannot avail, as a defence to a bill to confirm a tax title, that the defendant was living on the land at and before the day of sale and at the time fixed by law for the collection of the taxes, and that no demand was made on him therefor, nor any written notice left on the premises.

2. SAME.  *Act Feb.* 10, 1860.  *Constitutional.*

    The act of Feb. 10, 1860 (Acts 1859–60, p. 213), entitled "An Act to provide for the better security of titles to lands held and claimed under tax sale and tax titles," is constitutional, as held in *Griffin* v. *Dogan*, 48 Miss. 11.

APPEAL from the Chancery Court of Pontotoc County.

Hon. A. B. FLY, Chancellor.

*C. B. Mitchell*, for the appellant.

1. Under the act of Feb. 10, 1860, the defence set up cannot avail the appellee.  Code 1857, pp. 79, 80, art. 35; Acts 1859–60, p. 213; *Griffin* v. *Dogan*, 48 Miss. 11; *Meeks* v. *Whatley*, 48 Miss. 340; *Gibson* v. *Newman*, 1 How. (Miss.) 341; *McGehee* v. *Martin*, 53 Miss. 519; *Miller* v. *Lamar*, 43 Miss. 383; *Brooks* v. *Gillis*, 12 S. & M. 538; *Liddell* v. *Sims*, 9 S. & M. 596.

2. There can be no doubt of the constitutional power of the legislature to make the tax-deed conclusive.  *Griffin* v. *Dogan*, *ubi supra; Gwynne* v. *Neiswanger*, 18 Ohio, 400.

*Wilson & Carr*, for the appellee.

1. The failure to make the demand and give the notice is, under Code 1857, p. 79, art. 35, fatal to the tax sale, notwithstanding the act of Feb. 10, 1860.  This court has decided that statute does not cut off the defences that the sale was on the wrong day or the tax in aid of the rebellion.  *McGehee* v. *Martin*, 53 Miss. 519, citing *Tebault* v. *Britt*, MS. Op.

2. To construe the act as making the tax-deed conclusive, would be contrary to sound judicial policy, and go far to render the statute unconstitutional.

CHALMERS, J., delivered the opinion of the court.

To a bill filed under the act of 1860 to confirm a tax title the defendant answered and proved that he was living on the land at and before the day of sale, and at the time fixed by law for the collection of taxes, and that no demand was made on him therefor, nor any written notice left on the premises.  This defence cannot avail.  By the seventh section of the act of Feb. 10, 1860, it was provided that no sale of lands thereafter made "shall be impeached or questioned in any manner, or for any cause, saving fraud or mistake in the

assessment, or sale of the same, or upon the proof that the tax for which the same were sold had been paid prior to such sale." Acts of 1859–60, p. 216.

All other defences save those specified are cut off. The constitutionality of this act was affirmed in *Griffin* v. *Dogan*, 48 Miss. 11, and recognized in several subsequent cases. Whatever other irregularities may be embraced in the expression "fraud or mistake in the assessment, or sale," it is evident that by no possible construction can these words cover a failure by the sheriff to make demand for the taxes.

It is urged by counsel that we have heretofore held that this statute would not cut off the defence that the sale was made upon the wrong day, nor that the taxes for which it was made were in aid of the rebellion. This is true; but there is no analogy between those defences and that set up here. A sale for taxes in aid of the rebellion could confer no title, because an act of hostility to the United States government, and it could not have been the intention of the legislature, by a statute passed in February, 1860, to render such a title valid. A sale at a time or place other than that prescribed by law is manifestly a mistake in the sale, and is therefore embraced in the statute. It has always been held that such sales convey no title.

*Decree reversed, and cause remanded for decree.*