## E. C. BELL *v.* A. A. COATS.

1. LIMITATION OF ACTIONS. *Ejectment. Tax-title. Confirmation.*
   The running of the Statute of Limitations in favor of the owner in adverse possession of land is not stopped by a statutory proceeding, to which he is a party defendant, to confirm a tax-title held by the complainant in such proceeding.

2. SAME. *Adverse possession. Color of title.*
   A defective title-bond is admissible in evidence for a defendant in ejectment, to show the nature of his holding.

ERROR to the Circuit Court of Pontotoc County.

Hon. J. W. C. WATSON, Judge.

The case is stated in the opinion of the court.

*James H. Barr*, for the plaintiff in error.

1. The decree in chancery confirming the tax-title adjudicates the whole matter, and entitles the plaintiff to recover the land.   Sect. 1753, Code 1871, confers on the Chancery Court concurrent, if not exclusive, jurisdiction over questions concerning the validity of tax-titles, and the remedy is coextensive with the action of ejectment, so far as the essentials of title are concerned.

2. The tax-title must be confirmed by the chancery proceeding, before the action of ejectment will lie.   The Statute of Limitations may be relied on in that proceeding, but cannot be set up to defeat this action, brought shortly after the decree in chancery.   Sect. 1753, Code 1871, embraces in its scope the question of possession, as well as that of title.   *Belcher* v. *Mhoon*, 47 Miss. 613 ; *Beirne* v. *Burdett*, 52 Miss. 795.

3. Besides, the facts do not sustain the verdict for the defendant.   The title-bond, which existed prior to the sale for taxes, was irrelevant and incompetent, and all rights under it were adjudicated by the chancery decree.   It not only existed prior to the tax-sale, and therefore could not be an adverse title ( *Welborn* v. *Anderson*, 37 Miss. 163), but was on its face fatally defective in not designating the land.   The title-bond excluded, the defendant was a mere intruder, presumed to hold in subordination to the plaintiff's title.   *Alexander* v. *Pope*, 39 Miss. 755.

*Wilson & Wilson*, for the defendant in error.

The defendant has been in actual, notorious adverse possession, under a bond for title, for the continuous period of ten years next before the commencement of this suit.   But it is objected (1) that his title-bond is too defective to constitute color of title, and (2) that the chancery proceeding to confirm the tax-title stopped the running of the Statute of Limitations.

1. That the bond describes the entire section does not prevent it from being good as to one quarter. But if void, it is still color of title. *Hanna* v. *Renfro*, 32 Miss. 125 ; *Welborn* v. *Anderson*, 33 Miss. 155 ; *Nash* v. *Fletcher*, 44 Miss. 609 ; *Bell* v. *Flaherty*, 45 Miss. 694. 2. It is beyond the power of the Chancery Court, and outside the scope of the statute, to try the right to the possession of land. The statutory proceeding is to perfect the title. *Belcher* v. *Mhoon*, 47 Miss. 613 ; *Bierne* v. *Burdett*, 52 Miss. 795. If the question of possession was involved in the chancery proceeding, that court should have completed its work. But if it was not, then the question is not *res adjudicata*, and the title-bond and proof of adverse possession were properly admitted, and the verdict for the defendant is right.

CHALMERS, J., delivered the opinion of the court.

In May, 1860, the plaintiff in error obtained a tax-deed to a quarter-section of land in Pontotoc County, owned and occupied by the defendant in error. In 1873, he brought his bill in the Chancery Court for the purpose of confirming his tax-title, under and by virtue of sect. 1753, Code of 1871, making the defendant in error a party. The litigation was protracted for several years, and culminated in a decision of this court confirming the tax-deed. *Bell* v. *Coats*, 54 Miss. 538. Thereupon he brought this action of ejectment to recover possession of the land, his title to which had thus in the chancery proceedings been adjudged and declared perfect. More than ten years having intervened (excluding the period during which the statute was suspended on account of the war) between the acquisition of the tax-title, in 1860, and the institution of the action of ejectment, in 1878, the defendant interposed the plea of the Statute of Limitations, or rather interposed this defence of the statute under the plea of not guilty, as is proper in the action of ejectment. *Hutto* v. *Thornton*, 44 Miss. 166.

The controlling question in the case, presented in various

shapes, is, whether the owner of land sold for taxes, who remains in possession pending proceedings to confirm the tax-deed, to which proceedings he has been a party, can interpose the defence of the Statute of Limitations to an action of ejectment brought upon the tax-deed after it has been confirmed, and can include in his estimate of the time necessary to complete the bar the period consumed in the chancery litigation. We answer the question in the affirmative. The holder of a tax-deed, after the expiration of the period of redemption, is at liberty at once to bring his action of ejectment to recover possession; or, if he prefers it, he may file his bill for a confirmation of his title under the statute. The one proceeding may involve both title and possession; the other involves title only. Each possesses its advantages. By ejectment, the plaintiff will at once test both the title and the right to possession, as against the party sued, but he will not conclude the claims of other persons who may have the right to litigate the validity of the tax-sale. By the chancery proceeding, on the contrary, while he will not disturb the possession, he can implead all persons, known and unknown, who have any legal or equitable interest in the land, and by his decree will conclusively establish against them the validity of his title. This title, thus conclusively adjudicated, cannot be by them thereafter assailed in any court whatever. Code 1871, sect. 1753; *Griffin* v. *Dogan*, 48 Miss. 11; *Belcher* v. *Mhoon*, 47 Miss. 613; *Beirne* v. *Burdett*, 52 Miss. 795.

The decree of confirmation relates back, of course, to the date of the tax-deed, and its effect is to establish that from that time the complainant has been the true owner of the land, and it defeats and destroys all claims of title held and owned by any defendant to the bill before or at the time of the sale for taxes. But the successful complainant must still bring his action at law to recover possession, unless in some way he has already obtained it; and when he does so, he is liable to be defeated by an adverse holding sufficiently pro-

longed, since the tax-sale, to bar the right of entry, just as any other holder of the legal title is. He can always bring his action of ejectment immediately upon the expiration of the right of redemption, and his right of action having then accrued, the statute is from that time put in motion against him. If the persons occupying the land must be legally presumed to be holding in recognition of, and in subordination to, his title, as every occupant of land is legally presumed to hold as the tenant of the true owner, this legal presumption would perhaps be slighter in this than in ordinary cases.

However this may be, it is manifest that if such occupant can show, to the satisfaction of the jury, that his occupancy has been openly and notoriously adverse, he must defeat a recovery just as he would defeat any other holder of the true title. Whether the defendant in error did remain in possession of the land, in this instance, in hostility and opposition to, or in recognition of, the superior title of plaintiff, was fairly submitted to the jury, under instructions which certainly enunciated the law with sufficient favor to plaintiff. The jury, upon evidence which warranted their verdict, have found the fact for defendant. We will remark that the court below, and we ourselves, in giving to plaintiff the same position upon the question of adverse holding by defendant as if he had been the grantee in a deed from the latter, have considered the question in the most favorable light possible for plaintiff. While it is true that the statute declares that the tax-title, when confirmed, shall convey to the purchaser a title as perfect and valid as if the owner had executed to him a deed with covenants of warranty, it is probable that this means only that it shall operate as completely to invest the title, but not that it shall create the technical relation of vendor and vendee, so as to make the one, for any purpose, the tenant of the other, or to establish any relation of trust between them. We are not called upon by this record to settle this question.

There was no error in the admission of the title-bond, to

show in what character defendant held the land. It embraced the whole section, and therefore necessarily embraced the quarter-section in controversy. Even if imperfect or invalid, it afforded color of title, and was admissible to show the nature of the defendant's holding.

Judgment affirmed.